[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed from the statement of compensation filed by the commissioner of transportation on August 18, 1994, for taking by eminent domain 0.008 acre of land owned by the plaintiff for the purpose of improving the Silas Deane highway, together with a permanent easement to slope affecting 0.058 acre and four temporary rights. The plaintiff's property is known as 5 Chamberlain Road, Wethersfield, and consists of a five room one family house with a full basement, part of which is used for a one stall garage, situated on a rectangular lot of approximately one third acre. The lot is bounded by the Silas Deane highway on the east, Chamberlain Road on the south, and by the homes of others on the west and north. The statement of compensation indicates damages of $10,750, which amount the department of transportation (DOT) deposited with the clerk of the court, and the plaintiff has already received payment of that sum.
The state's appraiser, Thomas Krawiec, calculated the damages from the taking as follows: CT Page 11208-O
0.008 acre taken in fee x 43560 s.f./acre x $4.97/s.f. = $ 1732 0.058 acre easmnt x 40% x " " " " " = 5023 Loss of trees and other vegetation = 7000 ------ Total $13755
He concluded that the fair market value of the property before the condemnation was $117,000 and $103,250 afterward, resulting in damages of $13,750. The loss of the trees and vegetation has not actually occurred and probably will never occur, because the DOT has completed its reconstruction of the highway in the vicinity of the plaintiff's property. The state, nevertheless, still retains its slope easement, which includes the right to alter the grade within the affected area and might result in the loss envisioned by Krawiec.
The report of the plaintiff's appraiser, Peter Marsele, indicates damages of $20,700 for the taking. He bases this estimate on his opinion that the fair market value of the property before the condemnation, which he found to be $138,000, had been reduced by 15 percent, or $20,700, as a result of the taking.
He added to this amount $3500 for the cost the plaintiff incurred to reconstruct the remaining portion of the stone wall on each side of the driveway to conform to the concrete block wall that the DOT has constructed along the driveway that it rebuilt. Thus he arrived at $24,200 as his estimate of total damages.
Marsele testified, however, that his opinion that the taking had resulted in a 15 percent decline in the value of the property should be revised by a reduction of one or two percent, corresponding to the percentage of decline that he had attributed to the lack of conformity in the appearance of the original and the new portions of the driveway walls because of the different materials used. He had not realized that the plaintiff intended to eliminate the nonconformity by using the same material the DOT had used in place of the original stone at a cost of $3500. Averaging the suggested reductions from his original 15 percent reduction in the value of the property would result in revising Marsele's estimate to 13.5 percent. CT Page 11208-P
Marsele testified that the other factors on which he based his estimate of reduction in value were: (1) a reduction of the front yard as measured from the southeast corner of the house to the taking line to 33 feet from the original 40 feet, resulting in a violation of the building line requirement on Chamberlain Road, for which the DOT failed to obtain a variance; (2) the slope easement affecting 0.058 acre, which the DOT still retains despite its completion of the work in that area without disturbing the trees and other vegetation significantly; and (3) the temporary rights taken, which may have benefited the property but did interfere with the plaintiff's enjoyment of his property during the period of construction.
After reviewing the reports of the appraisers and viewing the subject property as well as several of the properties used as comparable sales, the court has concluded that the fair market value of the property before the taking was $120,000, somewhat higher than Krawiec's valuation of $117,000 and substantially lower than Marsele's estimate of $138,000, which made no allowance for the location of the property on a busy state highway. His adjustment of five percent above the prices reflected by his comparable sales because of the above ground swimming pool on the subject property is problematical in view of the limited space left in the remainder of the backyard for other activities. None of the comparable sales used in his report involved locations on a highway bearing traffic as heavy as that on the Silas Deane highway. Krawiec's valuation is better supported by his comparable sales, which include a house located on Nott Street, a rather busy thoroughfare connecting the Silas Deane highway with the Berlin Turnpike, and another on Marmor Court, which is nearer to the subject property than any of the other properties used as comparables.
The court adopts Marsele's revised estimate of 13.5 percent as a fair measure of the reduction in value caused by all the takings and calculates the damages as follows:
 0.135 x $120,000 = $16200 Reconstruction of Driveway Walls = 3500 ------ Total $19700
CT Page 11208-Q
The plaintiff has already received $10,750 of the $19,700 found due, leaving a balance of $8,950. It is ordered that judgment enter for the plaintiff to recover of the defendant the sum of $8,950 with interest at a rate that is "reasonable and just" pursuant to General Statutes § 37-3c for the period agreed upon by the parties in their waiver of interest stipulation. The plaintiff is also entitled to recover his costs pursuant to General Statutes § 13a-77, including an appraisal fee of $700, which the court considers reasonable for the services of his appraiser.
David M. Shea State Trial Referee